**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Omar Alejandro GARZA–FLORES,
Defendant–Appellant.**

No. 03–40900.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Omar Alejandro Garza–Flores contends for the first time on appeal that the felony and aggravated felony provisions found in 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He concedes that this argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but asserts that *Almendarez–Torres* has been called into doubt by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). He seeks to preserve the issue for possible Supreme Court review.

Garza contends also that a condition of supervised release contained in the written judgment, which prohibits Garza from pos-

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

sessing a dangerous weapon, conflicts with the district court's oral pronouncement of the sentence and must be deleted. The same contention was advanced in *United States v. Torres–Aguilar*, 352 F.3d 934, 935–38 (5th Cir.2003), and was rejected by the court. The judgment is

AFFIRMED.

**Charles L. GRABLE, Plaintiff–
Appellant,**

v.

**HARRIS COUNTY DISTRICT CLERKS
OFFICE; Charles Bacarisse, Clerk;
Unknown Deputy District Clerks, De-
fendants–Appellees.**

No. 03–20773.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

published and is not precedent except under

PER CURIAM.*

Charles L. Grable, Texas prisoner # 839605, appeals from the dismissal of his 42 U.S.C. § 1983 action as frivolous. Grable contends that his right of access to the courts has been violated because the state-court Clerk has refused to serve the attorney representing the State in Grable's state habeas actions.

Grable does not allege that he has been deprived of his ability to prepare and transmit any legal documents to any court. He therefore has not alleged a nonfrivolous claim of deprivation of the right of access to the courts. *See Brewer v. Wilkinson,* 3 F.3d 816, 821 (5th Cir.1993). Moreover, the district court lacked jurisdiction to provide Grable with the equitable relief he sought. *See Moye v. Clerk, DeKalb County Superior Court,* 474 F.2d 1275, 1275–76 (5th Cir.1973). The district court did not err by dismissing the action as frivolous. *See Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir.1999).

Grable's appeal is without arguable merit and is dismissed as frivolous. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983); 5TH CIR. R. 42.2. The district court's dismissal of the current case and this court's dismissal of the appeal count as two strikes against Grable for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Grable is warned that once he accumulates three strikes, he may not proceed in forma pauperis (IFP) in any civil action or appeal unless he "is under imminent danger of

serious physical injury." 28 U.S.C. § 1915(g).

APPEAL DISMISSED. 5TH CIR. R. 42.2.

**Voyd B. BURGER, Plaintiff–Appellant,**

v.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.